**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LINDA FRENCH AND ANN FRENCH GONSALVES** | **CIVIL ACTION** |
| **VERSUS** | |
| **DADE BEHRING LIFE INSURANCE PLAN** | **NO. 09-394-C-M2** |

### RULING & ORDER

This matter is before the Court on the Motion for Leave to Conduct Discovery on Administrative Record and For Extension of Time (R. Doc. 53) filed by plaintiffs, Linda French and Ann French Gonsalves (collectively "plaintiffs"). Defendant, Dade Behring Life Insurance Plan ("the Plan"), has filed an opposition (R. Doc. 56) to plaintiffs' motion, in response to which plaintiffs have filed a reply memorandum (R. Doc. 61). Also at issue in this ruling is the Plan's Motion to Strike and [for] Leave to File Sur-Reply to Plaintiff's Reply Memorandum (R. Doc. 58), to which plaintiffs have filed an opposition (R. Doc. 59).

### FACTS & PROCEDURAL BACKGROUND

The plaintiffs in this matter are two (2) sisters who are the named beneficiaries of an optional life insurance policy provided to their brother, Martin French ("Mr. French"), through an ERISA plan sponsored by his former employer, Dade Behring, Inc. ("Dade Behring").[1] The plaintiffs brought the present action to obtain additional benefits from the Plan under that optional policy. According to the plaintiffs, following Mr. French's death, the Plan initially confirmed that they would receive optional life insurance benefits of

---

[1] The fact that the Plan at issue is one governed by the Employee Retirement Income Security Act of 1974 ("ERISA") is undisputed among the parties. The Plan provides basic and optional life insurance benefits to employees of Dade Behring.

1

approximately $1,600,000.00;[2] however, the Plan later claimed that Mr. French had not provided the requisite evidence of insurability ("EOI") when his coverage exceeded $800,000.00. The Plan therefore paid only $478,058.00 in benefits to the plaintiffs.

The plaintiffs filed a claim with the Plan for additional benefits, which was first considered by the Plan's insurer and claims administrator, the Hartford. The Hartford denied the plaintiffs' claim as well as a subsequent appeal of that determination,[3] on the basis that the Plan's terms prevented Mr. French's life insurance from exceeding $800,000.00 due to his failure to comply with plan terms by submitting a written application and proof of good health during the relevant period. The plaintiffs next appealed the Hartford's decision to the plan administrator, *i.e.*, the Administrative Committee of the Plan,[4] which also upheld the benefits denial for the reasons stated above. The plaintiffs then filed the present suit seeking the additional benefits that they contend they are owed under the policy in question.[5]

After the filing of this suit, the undersigned entered an ERISA Case Order on June 10, 2010. (R. Doc. 38). In their response to that case order (R. Doc. 49), the plaintiffs

---

[2] Benefits under Mr. French's basic life insurance policy were paid to a different named beneficiary.

[3] The plan at issue requires that first line appeals of benefit determinations should be submitted to the claims administrator for review.

[4] The Administrative Committee is the Plan's named fiduciary responsible for reviewing benefit determinations made by the Plan's claims administrator, the Hartford.

[5] In this suit, plaintiffs contend that, according to the Dade Behring Employee Benefits Handbook, which contains a Summary Plan Description ("SPD") for the Plan in question, Mr. French was not required to provide an EOI because the SPD provides that those who apply for optional group term life insurance when newly hired will not have to go through the Evidence of Insurability ("EOI") process. *See*, R. Doc. 1, p. 3, ¶9. Plaintiffs further assert that the Plan's deduction of premiums for the full amount of coverage during the last two (2) years of Mr. French's life indicates that the Plan's administrators also interpreted the SPD and other documents as not requiring proof of insurability.

contended that the administrative record compiled by the Plan and filed herein is incomplete in that it contains little evidence of any of the documents reviewed by the Hartford. The Plan, however, has refused to stipulate that the Hartford's file should be included within the administrative record filed with the Court.[6]

Through their present motion, plaintiffs seek the right to conduct discovery regarding the "completeness" of the administrative record, contending that "it is clear that many relevant documents which were or must have been in [the] Hartford's records are not in the AR as compiled by the Plan, and because it is possible that parts of important plan documents (such as the policy) as well as documentation of basic things such as the death of Mr. French are missing from the AR." Plaintiffs propose to serve the Hartford with a subpoena duces tecum to produce its entire file relating to their claim and appeals, including a certified copy of the policy. They represent that, if the records produced by the Hartford pursuant to that subpoena appear complete, no further discovery will be necessary; however, if the records do not appear complete, plaintiffs will proceed with a

---

[6] According to the plaintiffs present motion, the only documents included in the administrative record that are clearly part of the administrative review conducted by Hartford are five letters between plaintiffs and Hartford, all of which appear to have been carbon copied to Dade Behring. See, R. Doc. 53-1, p. 3. The plaintiffs note that the administrative record does not contain a number of the documents typically seen within administrative records in other ERISA benefits claims cases - such as insurance applications, a death certificate, emails from or to the claims administrator, records of telephone conversations, records of communications by the claims administrator with the Plan or other entities, a certified copy of the policy in question, and/or internal logs from the claims administrator's files. Plaintiffs contend that other relevant documents are likely to be found in Hartford's files. For example, they reference several emails that plaintiff, Linda French, exchanged with the Hartford in January 2006 that are not included in the administrative record as designated by the Plan. Additionally, plaintiffs assert that the Hartford must have received the completed version of the Claims Form; yet, it is not contained within the administrative record. Furthermore, while in another document within the administrative record (DB 56), the Hartford states that it had received information that Martin French elected voluntary life insurance of 5 times salary in 1996, the Hartford's source for that information is not included in the administrative record. Finally, the plaintiffs contend that parts of the CNA policy are also possibly missing from the administrative record.

corporate deposition of the Hartford.  Finally, plaintiffs seek an extension of time to conduct such discovery relative to the Hartford and to respond to the Plan's presently pending motion for summary judgment.

As mentioned above, also before the Court is a Motion to Strike and [for] Leave to File Sur-reply to Plaintiff's reply memorandum relating to the plaintiffs' motion to conduct discovery.  Through that motion, the Plan seeks to have the Court strike portions of plaintiff's reply memorandum on the ground that it allegedly asserts "new arguments, which inappropriately address plaintiffs' claims on the merits" and which should "not be considered by this Court as they were raised for the first time in plaintiffs' reply memorandum," and seeks leave to file additional arguments responding to plaintiff's reply memorandum.  While it is true that plaintiffs set forth contentions concerning the merits of their case in the "Factual Background" section of their reply memorandum (pages 1-4), the Court finds that those contentions are merely a response to the Plan's presentation of its own contentions relating to the merits of this case in the "Factual Background" section of the Plan's opposition to plaintiffs' motion to conduct discovery, and as a result, such is not a basis for striking plaintiffs' reply memorandum.  The Court does note, however, that both parties' contentions relating to the merits of the case have no particular relevance to the plaintiffs' present motion to conduct discovery, and the Court therefore has given little, if any, consideration to those assertions in addressing plaintiffs' motion.  Because the Plan's sur-reply memorandum contains arguments relevant to the motion to conduct discovery, however, leave to file that memorandum will be granted, and the arguments presented therein will be considered by the Court.

**LAW & ANAYLSIS**

ERISA provides federal courts with jurisdiction to review benefits determinations made by fiduciaries or plan administrators. *See*, 29 U.S.C. §1132(a)(1)(B). Thus, in the present case, the Court is reviewing the benefits determination that was made by the plan administrator for the Dade Behring ERISA Plan, which, as noted above, is called the Administrative Committee.[7] At the time that a plan administrator considers a claim for benefits, it has the obligation to identify the evidence in the administrative record,[8] and the claimant must be afforded a reasonable opportunity to contest whether the record is complete. *Estate of Bratton v. National Union Fire Ins. Co. of Pittsburgh, PA,* 215 F.3d 516, 521 (5th Cir. 2000). Thus, according to Fifth Circuit precedent, "the administrative record consists of relevant information made available to the plan administrator prior to the complainant's filing of a lawsuit and in a manner that provides the administrator with a fair opportunity to consider it." *Id.*[9] The Fifth Circuit has specifically noted that a plaintiff can request that additional evidence be added to the administrative record prior to the plan administrator's consideration of that record as long as such evidence is made a part of the

---

[7] The Court is not reviewing any decisions made by the claims administrator, the Hartford.

[8] It is the plan administrator's responsibility to compile a record that he is satisfied is sufficient for his decision. *Griffin v. Raytheon Company Long Term Disability Plan No. 558*, 2005 WL 4891214 (N.D.Tex. 2005), quoting *Estate of Bratton*, at 521.

[9] *See, Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc) (noting that plaintiffs can easily present favorable evidence to the plan administrator, and holding that, [b]efore filing suit, the claimant's lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it.); *See also, Griffin*, at *2 (Although circumstances can be envisioned in which a miscreant plan administrator in denying a claim conceals evidence that, if disclosed, would have casted doubt on its decision, such evidence (for example, a medical report favoring the claimant) is typically equally available to the claimant, who has a right to include it in the administrative record prior to the plan administrator's decision).

record in time to allow the administrator a fair opportunity to consider it.  *Id.*

A claimant, however, is not permitted to explore, through discovery in an ERISA lawsuit, what information a plan administrator "*should* have considered" in making its benefits determination.  Instead,  the claimant is only permitted to discover the information that the plan administrator "*did* consider" in making its decision.  *Griffin*, at *2.  In fact, once an ERISA lawsuit is filed and the administrative record that the plan administrator considered has been filed with the court, the district court may not stray from that record except under two (2) limited circumstances:  (1) the admission of evidence related to how an administrator has interpreted terms of the plan in other instances, and (2) evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim.  *Id.*  Neither of those exceptions appear to be applicable in the present matter.

According to the Plan, in the present case, the Administrative Committee's review and denial of plaintiffs' claim for additional life insurance benefits rested solely upon the fact that no evidence existed within the Plan's documents showing that Mr. French submitted a written application and proof of good health in compliance with the Plan's terms within the relevant time period.  The Plan therefore contends that the administrative record in this case is complete because it consists of the Plan's documents concerning Mr. French and the Plan's terms during the relevant years.[10]  Prior to the Administrative Committee considering that record during the administrative appeals process and before this suit was

---

[10] The administrative record, as filed with the Court, also contains Mr. French ṣ payroll records because, according to the Plan, the Administrative Committee wanted to ensure that Mr. French ṣ estate was refunded the correct amount of certain payroll deductions that were allegedly withheld by error.  Plaintiffs do not challenge the amount of the refunded payroll deductions, but they dispute the Plan ṣ assertion that the deductions were made in error.

filed, the plaintiffs never raised any argument that the administrative record was incomplete, or more specifically, that the Hartford documents referenced in their present motion should have been included within the administrative record.  As such, the additional documents that plaintiffs seek to have added to the administrative record herein were apparently not considered by the Administrative Committee in making its benefits determination, and as a result, the Court cannot consider those additional documents in deciding whether the Administrative Committee's determination was an abuse of discretion.

According to the Plan, the first time that the plaintiffs referenced the fact that the Hartford documents should have been included in the administrative record is in response to the undersigned's ERISA Case Order in this suit, and the Plan's counsel specifically attests that plaintiffs' counsel stated that he is seeking such documents now, even though he does not know their significance to this litigation, because he wants to "include as much information as possible into the administrative record prior to the filing of dispositive motions by both parties."  *See*, Declaration of Prashant Kolluri, R. Doc. 56-1.  Such a basis for discovery is not permissible in an ERISA case under the Fifth Circuit jurisprudence discussed above.  It appears that plaintiff's counsel is seeking, at this late date, to have included in the administrative record, documents that he believes the Administrative Committee "*should* have considered," rather than what it "*did* consider" – an argument that should have been raised and resolved during the administrative appeals process at a time when the committee would have had a fair opportunity to consider the Hartford documents.[11][12]  As such, plaintiffs' present motion to conduct discovery will be denied.

---

[11] In their reply memorandum, plaintiffs argue that they should now be given an opportunity, through discovery, to determine whether the administrative record compiled by the Administrative Committee is complete, and they can do so only by being provided with the Hartford ṣ files.  Plaintiffs are

7

incorrect as to their timing. The appropriate time for them to raise the issue of the completeness of the administrative record and to discover/request that additional evidence be included in that record was during the administrative appeals process prior to the Administrative Committee performing its review and prior to this suit being filed. The Fifth Circuit recently spoke on this issue once again in *McDonald v. Hartford Life Group Ins. Co.*, 2010 WL 183431, **5-6 (5th Cir. 2010), wherein it stated the following:

> When conducting abuse of discretion review of a denial of benefits based on an administrative record, we have generally required that the scope of review be limited to facts known to the plan administrator at the time of the benefits decision. However, we have recognized certain limited exceptions to this rule [exceptions related to either interpreting the plan or explaining medical terms and procedures relating to the claim]. These exceptions have been judged on a case-by-case basis, and we have declined to adopt any per se rules in this area.
>
> When compiling the administrative record, the plan administrator must identify what evidence constitutes the administrative record, and the claimant must have a reasonable opportunity to contest whether that record is complete. While the administrative record is generally limited to relevant information made available prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it, we have attempted to avoid abuse or mistake by allowing the claimant's lawyer [to] add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it. We have been clear, however, that the district court is precluded from receiving evidence to resolve disputed material facts - *i.e.* a fact the administrator relied on to resolve the merits of the claim itself. Had the district court not remanded to [the plan administrator] for further investigation of [a physician's] opinion, the question of whether [the additional evidence] should be included in the administrative record would be clear: the administrative record closed when [the claimant] filed suit in June 2006. The [additional evidence] does not fall into the two acknowledged exceptions: evidence interpreting the plan or explaining medical terms and procedures.

*Id.* [citations omitted].

[12] The Court agrees with the Plan that the case cited by the plaintiffs, *Copus v. Life Ins. Co. of North America*, 2008 WL 2794807 (N.D.Tex. 2008), does not support the plaintiffs' position that they should be allowed to conduct discovery in this suit concerning documents that were not considered by the Administrative Committee in making its benefits determination. Although the plaintiff in *Copus* was allowed to discover his claim file during his ERISA lawsuit, that discovery was permitted simply to allow him to compare the claim file to the administrative record filed in the suit and to clarify whether the claim file was in fact a part of the administrative record upon which the plan administrator had based its benefits determination. The court specifically noted that, to the extent the plaintiff sought his claim file to challenge

The Court notes that, instead of seeking discovery in the context of this lawsuit, the remedy that the plaintiffs should have sought is to have this case remanded to the Administrative Committee so that it can consider the additional evidence contained in the Hartford file.[13] The Court advises, however, that, in order to obtain remand, plaintiffs need to demonstrate that remand would not be futile and that the Hartford file documents in question would supply the Administrative Committee with additional information that could potentially change its prior benefits determination. This case should not be remanded

---

the composition of the administrative record filed with the court or to attempt to inject before the court any documentary items that had not been included in the administrative record considered by the plan administrator, such request for the claim file was irrelevant. In the present case, plaintiffs are not seeking the Hartford documents at issue in order to compare them to the administrative record to determine whether they were considered by the Administrative Committee. Plaintiffs do not dispute that the Administrative Committee chose not to consider the Hartford file in making its benefits decision. Instead, through the present motion, plaintiffs are seeking to challenge the information that the Administrative Committee considered and to inject before the Court additional documentary evidence that the Administrative Committee did not consider, which is impermissible in an ERISA suit under Fifth Circuit jurisprudence.

[13] *See, Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1309 (5th Cir. 1994) (If a district court finds that the plan administrator had insufficient evidence before it to determine whether the insured met the plan definition of disability, the appropriate relief in that instance is remand of the case to the plan administrator with instructions to take additional evidence); *Blum v. Spectrum Restaurant Group, Inc.*, 261 F.Supp.2d 697 (E.D.Tex. 2003) (where the plaintiff argued that the plan's administrative record was an "incomplete sham" and that the court should consider evidence outside the administrative record. The court held that the proper remedy for an incomplete administrative record is to remand to the plan administrator, not consideration of evidence outside the administrative record by a district court. Since the plaintiff had not requested that the case be remanded to the plan administrator and, further, she asserted that either all administrative remedies had been exhausted or that the pursuit of administrative remedies would have been futile, the court was left with limiting its review to the administrative record in considering the plaintiff's ERISA claim); *Barhan v. Ry-Ron, Inc.*, 121 F.3d 198, 202 n. 5 (5th Cir. 1997) ([I]f either party concludes that additional factual development is necessary, it may move to remand to the plan administrator for further factual development); *Moller v. El Campo Aluminum Co.*, 97 F.3d 85, 88-89 (5th Cir. 1996) (remand for the plan administrator to consider new evidence, including testimony of vocational rehabilitation expert, was appropriate); *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071-72 (2d Cir. 1995) (remand for the plan administrator to consider new evidence is appropriate unless it would be a useless formality); *Abate v. Hartford*, 471 F.Supp.2d 724 (E.D.Tex. 2006) (remanding the plaintiff's case to the plan administrator for further consideration in light of the fact that the administrator did not consider a physician's report, its failure to take into account all of the limitations of the plaintiff's condition, and its reliance upon apparently flawed test results).

merely for the purpose of "includ[ing] as much information as possible into the administrative record prior to the filing of dispositive motions by both parties" or simply to delay this litigation. At present, it appears that at least some of the documents the plaintiffs seek to have included in the administrative record simply establish facts that are already undisputed in this matter (such as Mr. French's death certificate or documentation evidencing the fact that Mr. French elected voluntary life insurance of five times his salary in 1996) and/or are so vaguely described that the undersigned is unable to determine whether they would provide additional relevant information to the Administrative Committee.[14] Thus, in the event plaintiffs should subsequently seek remand of this case to the plan administrator for consideration of additional evidence, they will need to come forward with a more thorough description of the documents they are seeking to have the Administrative Committee review and an explanation as to why they believe such documents could potentially alter the Administrative Committee's decision and/or evidence or jurisprudence indicating that the documents composing the *claims* administrator's file in this matter should have automatically been a part of the administrative record considered by the *plan* administrator when it made its benefits determination during the administrative appeals process.[15]

---

[14] For example, although the plaintiffs contend that the administrative record is incomplete because it does not include emails to and from the Hartford, records of telephone conversations, communications between the Hartford and the Plan, a certified copy of the policy in question, and emails between the Hartford and the plaintiffs, the plaintiffs have not shown how any of those documents would have contributed relevant information that could impact the Administrative Committee s determination that the Plan s terms required Mr. French to submit a written application and proof of good health to obtain life insurance benefits exceeding $800,000.00 and that he failed to submit that documentation.

[15] Although plaintiffs rely upon a statement made by the Plan s corporate counsel in a letter to the plaintiffs dated July 24, 2006 for the proposition that the entire file of the Hartford should have been considered by the Administrative Committee in conducting its benefits determination, the undersigned

Accordingly;

**IT IS ORDERED** that the Motion for Leave to Conduct Discovery on Administrative Record is **DENIED** and the Motion For Extension of Time (R. Doc. 53) filed by plaintiffs, Linda French and Ann French Gonsalves, is hereby **GRANTED** and plaintiffs are granted an additional thirty (30) days from date of this Order.

**IT IS FURTHER ORDERED** that the Motion to Strike and [for] Leave to File Sur-Reply (R. Doc. 58) filed by defendant, the Dade Behring Life Insurance Plan, is **GRANTED IN PART**, in that the Plan is granted leave to file its sur-reply memorandum, and **DENIED IN PART**, in that no portion of plaintiffs' reply memorandum shall be struck from the record.

Signed in chambers in Baton Rouge, Louisiana, November 18, 2010.

                                                                                     _____
                                                                                     **MAGISTRATE JUDGE CHRISTINE NOLAND**

---

cannot say that such statement required the Administrative Committee to do so. In that letter, corporate counsel stated that the Administrative Committee's review of benefit determinations is limited to ensuring that The Hartford followed proper procedure and considered all relevant information in making its benefits determination under the terms of the Plan's contract of insurance. She went on to say that, in making its decision, the Administrative Committee reviewed The Hartford's decision and all relevant materials including plan documents, payroll records and Plan communications to employees. *See*, R. Doc. 57-2, DB 85. The Court cannot find that her statement required the Administrative Committee to review every document, regardless of its relevance, contained in the Hartford's file relating to plaintiffs' claim prior to making its decision. Instead, all that statement appears to have required is that the Administrative Committee review the Hartford's benefits decision and those documents that the Administrative Committee considered relevant to that decision.

11