UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LINDA FRENCH and ANN FRENCH GONSALVES

VERSUS

DADE BEHRING LIFE INSURANCE PLAN

CIVIL ACTION NO. 09-394

JUDGE TRIMBLE

MAGISTRATE JUDGE KIRK

## MEMORANDUM RULING

Before the court are two motions filed by plaintiffs Linda French and Ann French Gonsalves ("Plaintiffs") in the above-captioned case. Plaintiffs' first motion is a motion for remand in light of the prior ruling of Magistrate Judge Noland, then assigned to this case, and later affirmed by U.S. District Judge Tyson, then presiding.[1] Plaintiffs' second motion is a motion for reconsideration of the court's order affirming Magistrate Judge Noland's ruling.[2] For the reasons expressed below, the court finds that plaintiffs' motions should both be GRANTED.

I. BACKGROUND

Plaintiffs are the surviving sisters of Martin French ("Mr. French" or "Enrollee"), who died on or about July 19, 2005.[3] Mr. French was enrolled in a group term life insurance plan ("Plan") through his employer. Plaintiffs were the designated beneficiaries of the Plan benefits at the time of Mr. French's death.[4] At the time of his hire, Mr. French was automatically enrolled in the Plan's basic group term coverage, which offered benefits equal to his pay and for

---

[1] R. 69.
[2] R. 81.
[3] R. 1 at ¶¶ 7, 11.
[4] Id.

1

which his employer paid the premium.[5] Plaintiffs assert that, in addition, Mr. French also enrolled in an optional coverage, at the time of his hire, which offered a benefit equal to five (5) times his pay.[6] Plaintiffs assert that they received benefits totaling approximately $478,058 after Mr. French's death, but are still owed additional benefits totaling approximately $1,131,655.00 plus interest under Mr. French's purported optional coverage election.[7]

Defendant Dade Behring Life Insurance Plan ("Defendant" or "Administrator") denies indebtedness for additional benefits on the basis that Mr. French failed to provide "Evidence of Insurability" ("EOI"), which he was obligated to provide since his election of optional coverage exceeded $800,000.[8] Defendant admits that it deducted premiums from Mr. French's pay for the optional coverage, but argues that it has attempted to refund these deductions and that plaintiffs have refused such refund.[9]

This case was filed in June of 2009 and was assigned to the late Chief Judge Ralph Tyson and U.S. Magistrate Judge Christine Noland. Following Judge Tyson's unfortunate passing, this case was transferred to the docket of the undersigned and, by reference, to U.S. Magistrate Judge Kathleen Kay, for all further proceedings.[10] Prior to transfer, defendant and plaintiffs each filed a motion for summary judgment.[11] Thereafter, plaintiffs filed a motion for leave of court to conduct discovery on the administrative record and for an extension of the briefing schedule pertaining to the pending motions for summary judgment.[12] Plaintiffs' motion asserted that the administrative record as proffered by defendant was incomplete because it lacked the majority of

---

[5] R. 1 at ¶ 8.
[6] R. 1 at ¶ 9.
[7] R. 1 at ¶ 12.
[8] R. 39 at ¶¶ 13, 19.
[9] R. 39 at ¶ 16.
[10] R. 88 of 8/29/2011.
[11] R. 51, 52.
[12] R. 53.

2

the file generated by the claims administrator, The Hartford, during Hartford's review of plaintiffs' claims ("Hartford files").[13]

Plaintiffs' motion for leave was referred to U.S. Magistrate Judge Noland for disposition and, in a ruling and order dated November 18, 2010, Judge Noland denied plaintiffs' motion.[14] Judge Noland concluded that plaintiffs were attempting, in that motion, to circumvent the procedural requirement that a party seeking to add supplemental information to the administrative record do so before filing suit and at such time as would provide the administrator a fair opportunity to consider such supplemental information.[15] Additionally, the magistrate judge concluded that plaintiffs should have asked for remand of the matter to the administrator and offered proof that remand would not be futile based on the relevancy of the Hartford files.[16]

Plaintiffs appealed the magistrate judge's decision to Judge Tyson and, by ruling dated December 14, 2010, the court affirmed Judge Noland's ruling denying plaintiffs leave to conduct discovery on the administrative record.[17]

Plaintiffs subsequently filed a motion to remand based on the content of the magistrate judge's ruling.[18] Additionally, plaintiffs filed a motion for reconsideration of the court's ruling affirming the prior ruling of the magistrate judge.[19] Both of these motions have been fully briefed and are addressed below.

## II.   LAW AND ANALYSIS

Finding that participation in employee benefit plans was growing substantially and that the economic impact of this trend was "increasingly interstate" in nature, Congress enacted

---

[13] Id.
[14] R. 62.
[15] Id. at pp. 5-6 citing Vega v. Nat'l. Life Ins. Serv., Inc., 188 F.3d 287, 299 (5th Cir. 1999).
[16] Id. at pp. 9-10.
[17] R. 68.
[18] R. 69.
[19] R. 81.

3

ERISA in order to protect the interests of benefit plan participants and interstate commerce.[20] To that end, ERISA preempts all state law claims "insofar as they may now or hereafter relate to any employee benefit plan described in...[29 U.S.C. § 1003(a)] and not exempt under...[29 U.S.C. § 1003(b)]."[21] A state law claim is "related to" an employee benefit plan within the meaning of ERISA when it has a "connection or reference to such a plan."[22] State law claims alleging the failure of the insurer to pay the full amount of benefits owed under the policy "related to" and are, therefore, governed by ERISA.[23] Federal district courts possess jurisdiction to review benefits determinations made by fiduciaries or plan administrators. In such cases, the court will not disturb the determination of the fiduciary or plan administrator unless it finds the determination to be arbitrary and capricious or an abuse of discretion. A benefits determination is arbitrary only if "made without a rational connection between the known facts and the decision or between the found facts and the evidence."[24]

Plaintiffs assert claims against defendant for failure to pay the entire benefit allegedly due them under Enrollee's employee benefit plan. Plaintiffs' claims for benefits were denied first by the Plan's claims administrator, the Hartford, and then by the Plan's administrator, the Administrative Committee of the Plan. After receipt of denial of their claim by the administrator, plaintiffs filed suit in this court seeking the balance of benefits they believe are owed to them as the named beneficiaries of Enrollee's benefits.

The substance of the issue currently before the court is whether or not the records compiled by the Hartford during its assessment of plaintiffs' claim either are automatically part of the administrative record or, alternatively, should be included in the administrative record.

---

[20] 29 U.S.C. § 1001, et seq.
[21] 29 U.S.C. § 1144(a).
[22] Manning v. Hayes, 212 F.3d 866, 870 (5th Cir. 2006), quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983).
[23] Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).
[24] MediTrust

4

Plaintiffs filed a motion for leave to conduct discovery on the administrative record in order to obtain the Hartford files and have them included in the administrative record and for an extension of time to respond to defendant's motion for summary judgment.[25] The motion was referred to the magistrate judge. The magistrate judge denied the motion, finding that plaintiffs' intent was to supplement the administrative record with documents which "should have" been considered by the administrator.

The magistrate judge, quoting the U.S. District Court for the Northern District of Texas in Griffin v. Raytheon Company Long Term Disability Plan No. 558,[26] found that plaintiffs should have raised their argument that the record was incomplete during the administrative appeals process, rather than after the entry of the ERISA case management order, since that course of action would have provided the administrator a fair opportunity to consider the Hartford files. The magistrate judge emphasized that the administrator did not consider the Hartford files and that the court was limited to a review of the documents which were actually considered by the administrator. The magistrate judge also found that plaintiffs should have sought the remedy of remand, rather than discovery, noting that, if plaintiffs were able to demonstrate that remand would not be futile and that the Hartford files would provide additional relevant information, the matter could be remanded to the administrator for further consideration including the Hartford files. As explained above, the magistrate judge's ruling was affirmed by the district judge.

The court respectfully disagrees with the conclusion reached by the prior magistrate judge and district judge on this issue. As noted by the magistrate judge, the administrative record is comprised of "relevant information made available to the administrator prior to the

---

[25] R. 53.
[26] 2005 WL 4891214 (N.D.Tex. 2005).

complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it."[27] As pointed out by plaintiffs, regulations pertaining to ERISA clarify that "relevant information" is information "submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination[.]"[28] The files compiled by Hartford were unquestionably "available" to the administrator during its consideration of plaintiffs' claim and, while perhaps not "considered," were relevant according to applicable regulation.[29] On this basis the court finds that the Hartford files are a part of the administrative record in this case as a matter of law.

Fifth Circuit jurisprudence advises that the appellate court, in considering ERISA benefits dispute cases, is motivated by the goal that procedural rules should "encourage the parties to resolve their dispute at the administrator's level." Accordingly, the Fifth Circuit strictly applies the requirement that a party seeking to add information to the administrative record must do so before filing suit so that such information may be fairly considered by the administrator.[30] We find that our decision today respects the integrity of this goal. Defendant does not claim that the Hartford files were not available to the administrator during its review process. Clearly, these documents were available and, thus, the administrator was afforded the requisite fair opportunity to review them. Moreover, plaintiffs objected to the absence of the Hartford files immediately

---

[27] Vega v. National Life Ins. Services, 188 F.3d 287, 299 (5th Cir. 1999).
[28] 29 C.F.R. 2650.503-1(m)(8).
[29] Defendant's memorandum in opposition to motion to remand [R. 84] at p. 2. The court also notes that plaintiffs have made an adequate showing that the documents are relevant to the administrator's decision from a practical standpoint. The merits of plaintiffs' claims concern whether or not Mr. French was exempt from the EOI requirement. Plaintiffs assert that the original insurance application form is likely among the documents in the Hartford files and would offer evidence as to whether or not Mr. French elected the optional coverage at the date of his hire, which would exempt him from the EOI requirement. Moreover, plaintiffs point out that there are discrepancies among the version of the policy proffered in the administrative record and that provided to plaintiff Linda French during the administrative process. [R. 69 at pp. 6-9]. We find these allegations sufficient to raise a presumption of relevancy as to these documents.
[30] Vega, 188 F.3d at 300; Meditrust Financial Services Corp. v. Sterling Chemicals, Inc., 168 F.3d 211 (5th Cir. 1999); Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98 (5th Cir. 1993).

after the defendant proffered the administrative record and has not stipulated to the completeness of the record in this case. Accordingly, defendant can claim no inconvenience or prejudice, since the administrative record in this case has not been established yet.

The court also finds support for its decision in common sense. While the Fifth Circuit did consider the negative eventuality of a dishonest administrator purposefully omitting documents from the record which might not support his decision, this court believes that relying, as we have, on the express terms of ERISA and its regulations makes such an inquiry immaterial and, further, encourages administrators to be forthright in compiling the administrative record, an end equally as important as encouraging claimants to work with administrators to resolve claims prior to filing suit. Moreover, as pointed out by plaintiffs, a finding by this court that we are limited in our review only to those documents which the administrator purports to have considered provides a mechanism by which an administrator could edit the administrative record, although it is legally defined, and foreclose any opportunity for the claimant to contest the completeness of the record. Such a result certainly runs afoul of the aims of ERISA.

Finally, the court also agrees with plaintiff that the Fifth Circuit's recent decision in Crosby v. Louisiana Health Service and Indemnity Company[31] supports our findings here. In Crosby, the court was asked to determine whether or not a district court's denial of requested discovery in an ERISA benefits denial action deprived plaintiff of a meaningful opportunity to contest the completeness of the administrative record. The court found that the discovery requested by plaintiff in that case was sought in order to discover evidence which would indicate whether or not the record was complete, which was wholly different than the impermissible sanctioning of discovery for the purpose of contesting the merits of coverage. Such is the case with the matter before us today. Plaintiffs seek to contest the completeness of the record and we

---

[31] 647 F.3d 258 (5th Cir. 2011).

address only that issue. We make no finding as to the merits of plaintiffs' claims for additional benefits under the Plan.

Finding that the contested Hartford files are a part of the administrative record in this case, we also find that this matter should be remanded to the administrator for reconsideration in light of the full administrative record.[32] Accordingly, it is the finding of this court that plaintiffs' motion for reconsideration should be GRANTED and, further, that the prior rulings of the court denying discovery of the entire Hartford files are VACATED and, additionally, that plaintiffs' motion for production of the Hartford files in their entirety and for remand should also be GRANTED. We emphasize that this ruling extends only to the Hartford files specifically addressed in this ruling and should not be interpreted as the sanctioning of any further discovery in this case. The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
November 17, 2011

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[32] Lafleur v. Louisiana Health Service and Indem. Co., 563 F.3d 148, 157-58 (5th Cir. 2009) (internal citations omitted).